David F. HAULMAN, Plaintiff–
Appellant,

v.

JEFFERSON COUNTY SHERIFF OF-
FICE; Roger Key; Jefferson County
Probation Office, Marie Bustamante
Snell; Jefferson County District At-
torney; Laura K. Dunbar; Progres-
sive Therapy Systems, P.C.; Kristen
Scales; Walter T. Simon, Ph.D., De-
fendants–Appellees.

No. 00–1478.

United States Court of Appeals,
Tenth Circuit.

July 27, 2001.

Before SEYMOUR and McKAY, Circuit
Judges, and BRORBY, Senior Circuit
Judge.

ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

David F. Haulman, a pro se state prison-
er, brought this action under 42 U.S.C.
§ 1983 for monetary and injunctive relief
against a Jefferson County deputy sheriff,
a Jefferson County probation officer, and a
psychologist who worked under a contract
with Jefferson County. Mr. Haulman
claims that his constitutional rights were
violated in three ways: first, by the deputy
sheriff, who did not provide him *Miranda*
warnings and who ignored his request for
counsel when interrogating him and giving
him a polygraph test; second, by the pro-
bation officer, who did not provide *Mi-
randa* warnings when preparing his pre-
sentence report and who placed false
statements in the report; and third, by the
psychologist who, during a court-ordered
evaluation, did not provide *Miranda* warn-
ings, made false statements in the report
and failed to include exculpatory informa-
tion. He also contends that the district

---

* After examining appellant's brief and the ap-
pellate record, this panel has determined
unanimously that oral argument would not
materially assist the determination of this ap-
peal. *See* Fed. R.App. P. 34(a)(2) and 10th
Cir. R. 34.1(G). The case is therefore submit-
ted without oral argument. This order and
judgment is not binding precedent, except
under the doctrines of law of the case, res
judicata, or collateral estoppel. The court
generally disfavors the citation of orders and
judgments; nevertheless, an order and judg-
ment may be cited under the terms and condi-
tions of 10th Cir. R. 36.3.

attorney discussed his polygraph test with Mr. Haulman's wife after he was sentenced, thereby tampering with a witness. Mr. Haulman ultimately entered into a plea agreement with state authorities. It appears from the record that he is presently pursuing state post-conviction relief through court-appointed counsel.

After granting Mr. Haulman leave to proceed in forma pauperis, the district court dismissed the action under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. The court held that the failure to provide *Miranda* warnings does not give rise to liability under section 1983, and that the only available remedy is the suppression of any incriminating statements. The court noted that because Mr. Haulman entered into a plea agreement, *Miranda* is not applicable to his claims in any event. The court concluded that Mr. Haulman's remaining allegations did not, even construed liberally in his favor, set out well-pleaded constitutional violations.

 We conclude that Mr. Haulson is not entitled to relief on his allegations. First, the law in this circuit is clear that the only remedy available for a *Miranda* violation is the suppression of any incriminating evidence. *See Bennett v. Passic,* 545 F.2d 1260, 1263 (10th Cir.1976); *accord Neighbour v. Covert,* 68 F.3d 1508, 1510–1511 (2d Cir.1995). Accordingly, Mr. Haulman may not recover damages on that claim. Second, Mr. Haulman's claims that his requests for counsel were ignored, that he was sentenced on the basis of false and withheld information, and that the district attorney tampered with a witness all directly challenge the validity of his conviction or sentence and are therefore barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck,* in order to recover damages for an alleged unconstitutional conviction or sentence, a section 1983 plaintiff must prove that the conviction or sentence has been reversed or otherwise set aside. *Id.* at 486–87, 114 S.Ct. 2364. Mr. Haulman has made no such showing here, and his claim for damages is therefore premature. Even if we were to construe Mr. Haulman's request for injunctive relief as asserting a claim under the federal habeas corpus statute, 28 U.S.C. § 2254, it would still be subject to dismissal for failure to exhaust available state court remedies.

Accordingly, the judgment of the district court dismissing the action as legally frivolous is AFFIRMED.